## LANDSBERGER v. MURRAY.

(City Court of New York, General Term. November 27, 1893.)

REAL-ESTATE BROKERS—COMMISSIONS—REPRESENTATIONS AS TO TITLE.

One who employs a real-estate broker to sell land is liable for the commissions, without regard to whether she represents herself as the owner.

Appeal from trial term.

Action by Mayer Landsberger against Kate Murray for real-estate commissions. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK and McCARTHY, JJ.

Norwood & Coggeshall, for appellant.
Davis & Kaufman, for respondent.

VAN WYCK, J. The plaintiff, a real-estate broker, sues for commission for procuring a purchaser of defendant's two houses and lots at her request. The case was properly submitted to the jury, and their verdict returned for plaintiff is not contrary to the evidence, nor against the weight of evidence. Now, as to defendant's exceptions: It was immaterial who generally took title; the issue here was, who agreed to take title under the instruments of February 10th and March 20th? Although it appears by the record that the objection to the question at folio 54 was sustained, nevertheless it also appears that it was fully answered. It was harmless error in this action by the defendant's broker to allow the purchasers named in the above instruments to state that they had prepared and filed plans and specifications as tending to show their willingness to carry out the agreements of these instruments, in view of the fact that defendant had, at folio 104, expressly admitted "that they were able to buy the property, and willing to do it." It was not error for the judge to refuse to charge that "the jury must find that defendant represented herself to be the owner of the premises, to entitle the plaintiff to a verdict." What matters it whether she represented herself as the owner of these two houses and lots or not? The issue was whether she had employed defendant to negotiate a sale of these two particular houses; and, if so, whether he had successfully done so by producing by his efforts a purchaser able and willing to buy them at her price, and upon the agreed terms. The evidence shows that he did, and the jury so found. Moreover, she was, at the time of the employment and agreement to sell, the actual, sole owner in fee of one of the houses, and held the fee to three-fourths of the other one, jointly with a daughter, who was four months under age, and from whom she also held a deed of her interest. The judgment and order must be affirmed, with costs.